UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
DARIN DWAYNE HICKMAN,

                        Plaintiff,

                                    CIVIL RIGHTS COMPLAINT

        - Vs -                 _____ Civ. _____

THE CITY OF NEW YORK,
THE COUNTY OF RICHMOND POLICE DEPARTMENT
ALBERT W. GIRIMONTE, Assistant Chief;
Captain Deputron, 120th Precinct;
Sergeant Pernicone, 120th Precinct;
Sergeant Alongi, 120th Precinct;
Detective Parrino, 120th Precinct;
RICHARD DANESES, POM;
PAA GAMBA; 120th Precinct;
Lieutenant Nelson, 120th Precinct;
GUY GAZZILLO, Detective 120th Precinct;
Detective Joyce, 120th Precinct;
PAUL CIURCINA, Detective 120th Precinct;
LOUIS CONTINO, Police Officer #21740
Police Officer ORTIZ, #3434
F. CORCILLO, Police Officer
SERGEANT CAPPA, 120th Precinct;
DETECTIVE MAHON, 120th Precinct;
SERGEANT LEWIS, 120th Precinct;
MAUREEN MURPHY, Detective #4656;
DETECTIVE BRENIS, 120th Precinct
Lieutenant Briscoe, 120th Precinct;

In their Individual and Official
Capacity,

                       Defendants.
------------------------------------X



CV 08 913 — ROSS, J. — BLOOM, M.J. — RECEIVED FEB 2 2 2008 PRO SE OFFICE

    This is an action for money damages brought pursuant to Title 42 §§§ 1983, 1985, 1986 and 1988 under the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against the above defendants, Police employees, supervisors, commissioners, detectives, lieutenants, sergeants and police officers of the City of New York and for the County of Richmond, in their individual and official capacities and against the City of New york. Jurisdiction is based upon Title 28 §§ U.S.C. 1331 and 1343, and the pendent jurisdiction of this Court to entertain claims arising under State law.

    It is alleged that the individual police officer defendants made an unreasonable seizure of the Plaintiff, Darin Hickman, violating his rights under the Fourth and Fourteenth Amendments to the US Constitution, and that these defendants assaulted the Plaintiff Darin Hickman. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York dand the County of Richmond.

## PARTIES

1. Darin Dwayne was at all material times a resident of Richmond County, a borough of New York City, in the State of New York, and of full age.

2. Defendant officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of New York, for the County of Richmond, was acting under color of law, to wit, under color of the statute, ordinances, regulations, policies, customs and usages of the County of Richmond of State Island, a borough of New York City.

3. The County of Richmond is a borough of the City of New York and is a municipal corporation and the public employer of the said officers.

## FACTS

4. On or about July 26, 2005, at or about 3:30 A.M. Darin Hickman left his hom located at 55 Holland Avenue, in Staten Island, New York driving inside his vehicle.

5. As Plaintiff left his home, he was followed by defendants Murphy and Brenis inside a unmarked police vehicle. Plaintiff did not known whom the defendants were and the defendants did not identify themselves as Police officers when approached the plaintiff.

6. The defendants approached the plaintiff while he was on the private property of Scott Langsford, upon information and belief located at 52 Arlington Avenue, Staten Island and without identifying themselves attempted to arrest him by the use of weapons drawn at plaintiff directing him to put his hands on the roof of his vehicle.

7. The plaintiff complied with the defendants thereafter the defendants when they handcuffed plaintiff defendant Brenis commenced to punching plaintiff in the face as a police van came and defendant with defendant Briscoe, together with other police officers assault and batter the plaintiff inside the van.

8. In response, the defendant police officers beat and punched plaintiff and shoving him into the van. Plaintiff did not physically resisted or assaulted the defendants in any way, and the force used against him was unnecessary, unreasonable and excessive.

9. The defendants police officers then arrested Darin Hickman.

10. Plaintiff was taken by the defendants police officers in custody to Staten Island Precinct Police Station for the City of New York, where he was detained.

11. At no time during the events described above, was plaintiff Darin Hickman intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses which would have subjected him to be followed by the unmarked police vehicle at or about 3:30 A.M. on July 26, 2005.

12. The defendant police officers had no warrant and/or any applications aboved by their supervisors defendant Albert W. Girimonte, Captain Deputron, lieutenant Nelson, sergeant Alongi, Sergeant Pernicone, sergeant Parrino, PAA Gamba, sergeant Cappa, and or sergeant Lewis for a warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuse to seize the person of the plaintiff.

13. At all times during the events described above, the defendants police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

14. As a direct and proximate result of the said acts of the defendant officers, the plaintiff Darin Hickman suffered the following injuries and damages:

    (a) Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    (b) Loss of his physical liberty;

    (c) Physical pain and suffering and emotional trauma and suffering;

15. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of Darin Hickman:

    (a) Freedom from the unreasonable seizure of his person;

    (b) Freedom from the use of excessive, unreasonable and unjustified force against his person.

## COUNT I 42 USC § 1983 Against Individual Defendants

16. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

17. Plaintiff Hickman claims damages for the injuries set forth above under 42 USC § 1983 against defendants officers Briscoe, Brenis, Murphy, Guy Gazzillo, Deputron, Nelson, Joyce, Ciurcina, Contino, Ortiz, Pernicone, Alongi, Daneses, Parrino, Gamba, Cappa, for violation of his constitutional rights under color of law.

COUNT II Assault and Battery Against Individual Defendants

18. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

19. Defendants officerMurphy, Brenis, Briscoe and John Doe defendants assaulted and battered Darin Hickman.

20. As a result ofthis assault and battery, plaintiff Darin Hickman suffered damages as aforesaid.

COUNT III FALSE ARREST and ILLEGAL IMPRISONMENT

21. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

22. Defendants Murphy, Brenis and Brisco illegally arrested and illegally imprisoned Darin Hickman.

23. Defendant Gazzillo, acting under color of law perpetuated and manufactured the illegal arrest, imprisonment and detention of the plaintiff Darin Hickman.

24. Defendant Gazzillo, instituted a false document and information that contributed to the false arrest and illegal imprisonment of the plaintiff Darin Hickman.

COUNT IV 42 U.SD.C. § 1983 Against
THE CITY OF NEW YORK and
THE COUNTY OF RICHMOND

25. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

26. Prior to July 26, 2005, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Richmond County and the City of New York which caused the violation of Darin Hickman rights.

27. It was the policy and/or custom of the City of New York and the County of Richmond to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York and the County of Richmond, including, but not limited to, the following incidents:

    (a) assaulting defendants during the arrest process;

    (b) depriving the defendants medical attention and/or treatment which was caused by the arresting police;

    (c) defendants use of informants to arrest, seizure and/or detain defendants without corroboration;

    (d) defendant's falsification of police records and documents without supervisor authorization, review and/or approval.

28. It was the policy and/or custom of the City of New York and the County of Richmond to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engage in police misconduct.

29. As a result of the above described policies and customs, police officers of the City of New York and the assigned to the County of Richmond, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

30. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York and the County of Richmond to the constitutional rights of persons within the City and County of Richmond, and were the cause of the violations of plaintiff's rights alleged herein.

WHEREFORE, the plaintiff requests that this Court:

(A) Award compensatory damages to plaintiff against the defendants, jointly and severally in the amount of $50,000.00 each and the City of New York and the County of Richmond in the amount of $1,500,000 million each totalling $4,000,000.00;

(B) Awarding punitive damages to plaintiff against defendant Gazzillo in the amount of $300,000.00 and the County of Richmond $1,000,000.00, the City of New York in the amount of $500,000,00; defendant Brenis, Murphy and Brisco $100,000.00 each in punitive damages;

(C) Declare a declaratory judgment that the defendants violated plaintiff's rights;

(D) An Order of Injunctive relief requiring a review of plaintiff's arrest, process and the procedures that was used to prosecute plaintiff by the defendants to be stopped and that the interest of justice review that would entitled the plaintiff to relief as this Court may deem appropriate;

(E) Award costs of this aciton to the plaintiff;

(F) Award reasonable attorney's fees and costs to the plaintiff on Counts I and IV of the complaint;

(G) Award such other and further relief as this Court may deem appropriate.

- 5 -

The plaintiff hereby demands a jury trial.

I declare under the penalty of perjury the foregoing is true and correct.

Dated: February 13, 2008

*[signature: Darin Hickman]*
DARIN DWAYNE HICKMAN, Pro
 Plaintiff
Mohawk Correctional Facility
6100 School Road/POB 8451
Rome, New York   13442