UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

DARIN DWAYNE HICKMAN,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK, THE COUNTY OF
RICHMOND POLICE DEPARTMENT, ALBERT W.
GIRIMONTE, Assistant Chief; Captain Deputron, 120th
Precinct, Sergeant Pernicone, 120th Precinct; Sergeant
Alongi, 120th Precinct; Detective Parrino, 120th Precinct;
RICHARD DANESES, POM; PAA GAMBA; 120th
Precinct; Lieutenant Nelson, 120th Precinct; GUY
GAZZILLO, Detective 120th Precinct; Detective Joyce,
120th Precinct; PAUL CIURCINA, Detective 120th
Precinct; LOUIS CONTINO, Police Officer #21740; Police
Officer ORTIZ, #3434; F. CORCILLO, Police Officer;
Police Officer SERGEANT CAPPA, 120th Precinct;
SERGEANT LEWIS, 120th Precinct; MAUREEN
MURPHY, Detective #4656; DETECTIVE BRENIS, 120th
Precinct; Lieutenant Briscoe, 120th Precinct;

In their Individual and Official Capacity,

                                      Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF DEFENDANTS POLICE
OFFICER CONTINO AND
POLICE OFFICER ORTIZ**

08 CV 913 (ARR) (LB)

JURY TRIAL DEMANDED

        Defendants Police Officer Contino and Police Officer Ortiz ("defendants"),[1] by

their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their

answer to the Complaint, respectfully allege, upon information and belief, as follows:

---

[1] On or about June 23, 2008, and July 14, 2008, defendants City of New York, PAA Gamba, Sergeant Alongi, Detective Parrino, Sergeant Cappa, Detective Mahon, Sergeant Pernicone, Detective Gazzillo, Detective Ciurcina and Detective Joyce served and filed an answer to the complaint. Additionally, upon information and belief, the individuals identified in the caption of the complaint as Assistant Chief Girimonte, Captain Deputron, POM Daneses, Lieutenant Nelson, Sergeant Lewis, Detective Murphy, Lieutenant Briscoe and Detective Brenis have not been served with a copy of the summons and complaint, or requested legal representation from the Office of the Corporation Counsel. Accordingly, they are not defendants in this action.

1.     Deny the allegations set forth in paragraph "1" [2] of the Complaint, except admit that plaintiff purports to proceed as stated therein, invokes the Court's jurisdiction and sues the defendants in their individual and official capacities as stated therein.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3.     Deny the allegations set forth in paragraph "3" of the Complaint, except state that the allegations concerning "acting under color of law" set forth conclusions of law rather than averments of fact, to which no response is required.

4.     Deny the allegations set forth in paragraph "4" of the Complaint.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.     Deny the allegations set forth in paragraph "6" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning who, if anyone, plaintiff may have known.

7.     Deny the allegations set forth in paragraph "7" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning who owns 52 Arlington Avenue in Staten Island.

8.     Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff was handcuffed.

9.     Deny the allegations set forth in paragraph "9" of the Complaint.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff was arrested on July 26, 2005.

_____

[2] For the Court's convenience, defendants have renumbered plaintiff's Complaint.  We have attached a copy of the renumbered Complaint hereto as "Exhibit A."

11.    Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiff was arrested on July 26, 2005 and taken to the 120th Precinct for arrest processing.

12.    Deny the allegations set forth in paragraph "12" of the Complaint.

13.    Deny the allegations set forth in paragraph "13" of the Complaint.

14.    Deny the allegations set forth in paragraph "14" of the Complaint.

15.    Deny the allegations set forth in paragraph "15" of the Complaint and all of its subparts.

16.    Deny the allegations set forth in paragraph "16" of the Complaint and all of its subparts.

17.    In response to the allegations set forth in paragraph "17" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "16" of this Answer as if fully set forth herein.

18.    Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff purports to proceed as stated therein and state that the allegations concerning "under color of law" set forth conclusions of law rather than averments of fact, to which no response is required.

19.    In response to the allegations set forth in paragraph "19" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "18" of this Answer as if fully set forth herein.

20.    Deny the allegations set forth in paragraph "20" of the Complaint.

21.    Deny the allegations set forth in paragraph "21" of the Complaint.

22.     In response to the allegations set forth in paragraph "22" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "21" of this Answer as if fully set forth herein.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except state that the allegation concerning "acting under color of law" sets forth conclusions of law rather than averments of fact, to which no response is required.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     In response to the allegations set forth in paragraph "26" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" of this Answer as if fully set forth herein.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint and all of its subparts.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

32.     The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

33.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

34.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

35.     Plaintiff provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

36.     At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

37.     This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

38.     Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore are protected by qualified immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

39.     Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

40.     There was probable cause for plaintiff's arrests and prosecutions.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

41.     There was probable cause for any search.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

42.    There was reasonable suspicion and/or probable cause for any stop.

**WHEREFORE,** defendants Police Officer Contino and Police Officer Ortiz request judgment dismissing the Complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              July 22, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants City of New York, PAA
                                    Gamba, Sergeant Alongi, Detective Parrino,
                                    Sergeant Cappa, Detective Mahon, Sergeant
                                    Pernicone, Detective Gazzillo, Detective Ciurcina,
                                    Detective Joyce, Police Officer Contino and Police
                                    Officer Ortiz
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-0988

                              By:   _____
                                    Brian Francolla
                                    Assistant Corporation Counsel

To:    Mr. Darin Dwayne Hickman (By mail)
       Plaintiff *Pro Se*
       DIN # 05-A-5634
       Mohawk Correctional Facility
       P.O. Box 8450
       Rome, NY 13442

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

   I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on July 22, 2008, I served the annexed **ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS POLICE OFFICER CONTINO AND POLICE OFFICER ORTIZ** upon the following *pro se* plaintiff by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said *pro se* plaintiff at the address set forth below, being the address designated by said plaintiff for that purpose:

   Mr. Darin Dwayne Hickman
   Plaintiff *Pro Se*
   DIN # 05-A-5634
   Mohawk Correctional Facility
   P.O. Box 8450
   Rome, NY 13442

Dated: New York, New York
   July 22, 2008

               Brian Francolla
               Assistant Corporation Counsel

# EXHIBIT "A"

Original

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DARIN DWAYNE HICKMAN,

                          Plaintiff,

                                                    CIVIL RIGHTS COMPLAINT

                                                    _____ Civ. _____
          - Vs -

 THE CITY OF NEW YORK,
THE COUNTY OF RICHMOND POLICE DEPARTMENT
 ALBERT W. GIRIMONTE, Assistant Chief;
Captain Deputron, 120th Precinct;
Sergeant Pernicone, 120th Precinct;
Sergeant Alongi, 120th Precinct;
Detective Parrino, 120th Precinct;
RICHARD DANESES, POM;
PAA GAMBA; 120th Precinct;
Lieutenant Nelson, 120th Precinct;
GUY GAZZILLO, Detective 120th Precinct;
Detective Joyce, 120th Precinct;
PAUL CIURCINA, Detective 120th Precinct;
LOUIS CONTINO, Police Officer #21740
Police Officer ORTIZ, #3434
F. CORCILLO, Police Officer
SERGEANT CAPPA, 120th Precinct;
DETECTIVE MAHON, 120th Precinct;
SERGEANT LEWIS, 120th Precinct;
MAUREEN MURPHY, Detective #4656;
DETECTIVE BRENIS, 120th Precinct
Lieutenant Briscoe, 120th Precinct;

In their Individual and Official
Capacity,

                          Defendants.
----------------------------------------X



CV 08        918

ROSS, J

BLOOM, M.J.

RECEIVED
FEB 2 2 2008
PRO SE OFFICE

     This is an action for money damages brought pursuant to Title
42 §§ 1983, 1985, 1986 and 1988 under the Fourth and Fourteenth
Amendments to the United States Constitution, and under the common
law of the State of New York against the above defendants, Police
employees, supervisors, commissioners, detectives, lieutenants,
sergeants and police officers of the City of New York and for
the County of Richmond, in their individual and official capacities
and against the City of New york. Jurisdiction is based upon
Title 28 §§ U.S.C. 1331 and 1343, and the pendent jurisdiction
of this Court to entertain claims arising under State law.

     It is alleged that the individual police officer defendants
made an unreasonable seizure of the Plaintiff, Darin Hickman,
violating his rights under the Fourth and Fourteenth Amendments
to the US Constitution, and that these defendants assaulted the
Plaintiff Darin Hickman. It is further alleged that these violations
and torts were committed as a result of policies and customs
of the City of New York and the County of Richmond.

(i)

## PARTIES

1. Darin Dwayne was at all material times a resident of Richmond County, a borough of New York City, in the State of New York, and of full age.

2. Defendant officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of New York, for the County of Richmond, was acting under color of law, to wit, under color of the statute, ordinances, regulations, policies, customs and usages of the County of Richmond of State Island, a borough of New York City.

3. The County of Richmond is a borough of the City of New York and is a municipal corporation and the public employer of the said officers.

## FACTS

4. On or about July 26, 2005, at or about 3:30 A.M. Darin Hickman left his hom located at 55 Holland Avenue, in Staten Island, New York driving inside his vehicle.

5. As Plaintiff left his home, he was followed by defendants Murphy and Brenis inside a unmarked police vehicle. Plaintiff did not known whom the defendants were and the defendants did not identify themselves as Police officers when approached the plaintiff.

6. The defendants approached the plaintiff while he was on the private property of Scott Langsford, upon information and belief located at 52 Arlington Avenue, Staten Island and without identifying themselves attempted to arrest him by the use of weapons drawn at plaintiff directing him to put his hands on the roof of his vehicle.

7. The plaintiff complied with the defendants thereafter the defendants when they handcuffed plaintiff defendant Brenis commenced to punching plaintiff in the face as a police van came and defendant with defendant Briscoe, together with other police officers assault and batter the plaintiff inside the van.

8. In response, the defendant police officers beat and punched plaintiff and shoving him into the van. Plaintiff did not physically resisted or assaulted the defendants in any way, and the force used against him was unnecessary, unreasonable and excessive.

9. The defendants police officers then arrested Darin Hickman.

10. Plaintiff was taken by the defendants police officers in custody to Staten Island Precinct Police Station for the City of New York, where he was detained.

- 2 -

11. At no time during the events described above, was plaintiff Darin Hickman intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses which would have subjected him to be followed by the unmarked police vehicle at or about 3:30 A.M. on July 26, 2005.

12. The defendant police officers had no warrant and/or any applications aboved by their supervisors defendant Albert W. Girimonte, Captain Deputron, lieutenant Nelson, sergeant Alongi, Sergeant Pernicone, sergeant Parrino, PAA Gamba, sergeant Cappa, and or sergeant Lewis for a warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuse to seize the person of the plaintiff.

13. At all times during the events described above, the defendants police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

14. As a direct and proximate result of the said acts of the defendant officers, the plaintiff Darin Hickman suffered the following injuries and damages:

> (a) Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;
>
> (b) Loss of his physical liberty;
>
> (c) Physical pain and suffering and emotional trauma and suffering;

15. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of Darin Hickman:

> (a) Freedom from the unreasonable seizure of his person;
>
> (b) Freedom from the use of excessive, unreasonable and unjustified force against his person.

## COUNT I 42 USC § 1983 Against Individual Defendants

16. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

17. Plaintiff Hickman claims damages for the injuries set forth above under 42 USC § 1983 against defendants officers Briscoe, Brenis, Murphy, Guy Gazzillo, Deputron, Nelson, Joyce, Ciurcina, Contino, Ortiz, Pernicone, Alongi, Daneses, Parrino, Gamba, Cappa, for violation of his constitutional rights under color of law.

- 3 -

COUNT II Assault and Battery Against Individual Defendants

18. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

19. Defendants officerMurphy, Brenis, Briscoe and John Doe defendants assaulted and battered Darin Hickman.

20. As a result of this assault and battery, plaintiff Darin Hickman suffered damages as aforesaid.

COUNT III FALSE ARREST and ILLEGAL IMPRISONMENT

21. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

22. Defendants Murphy, Brenis and Brisco illegally arrested and illegally imprisoned Darin Hickman.

23. Defendant Gazzillo, acting under color of law perpetuated and manufactured the illegal arrest, imprisonment and detention of the plaintiff Darin Hickman.

24. Defendant Gazzillo, instituted a false document and information that contributed to the false arrest and illegal imprisonment of the plaintiff Darin Hickman.

COUNT IV 42 U.SD.C. § 1983 Against
THE CITY OF NEW YORK and
THE COUNTY OF RICHMOND

25. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

26. Prior to July 26, 2005, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Richmond County and the City of New York which caused the violation of Darin Hickman rights.

27. It was the policy and/or custom of the City of New York and the County of Richmond to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York and the County of Richmond, including, but not limited to, the following incidents:

    (a) assaulting defendants during the arrest process;

    (b) depriving the defendants medical attention and/or treatment which was caused by the arresting police;

    (c) defendants use of informants to arrest, seizure and/or detain defendants without corroboration;

    (d) defendant's falsification of police records and documents without supervisor authorization, review and/or approval.

- 4 -

28. It was the policy and/or custom of the City of New York and the County of Richmond to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engage in police misconduct.

29. As a result of the above described policies and customs, police officers of the City of New York and the assigned to the County of Richmond, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

30. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York and the County of Richmond to the constitutional rights of persons within the City and County of Richmond, and were the cause of the violations of plaintiff's rights alleged herein.

WHEREFORE, the plaintiff requests that this Court:

(A) Award compensatory damages to plaintiff against the defendants, jointly and severally in the amount of $50,000.00 each and the City of New York and the County of Richmond in the amount of $1,500,000 million each totalling $4,000,000.00;

(B) Awarding punitive damages to plaintiff against defendant Gazzillo in the amount of $300,000.00 and the County of Richmond $1,000,000.00, the City of New York in the amount of $500,000,00; defendant Brenis, Murphy and Brisco $100,000.00 each in punitive damages;

(C) Declare a declaratory judgment that the defendants violated plaintiff's rights;

(D) An Order of Injunctive relief requiring a review of plaintiff's arrest, process and the procedures that was used to prosecute plaintiff by the defendants to be stopped and that the interest of justice review that would entitled the plaintiff to relief as this Court may deem appropriate;

(E) Award costs of this aciton to the plaintiff;

(F) Award reasonable attorney's fees and costs to the plaintiff on Counts I and IV of the complaint;

(G) Award such other and further relief as this Court may deem appropriate.

- 5 -

The plaintiff hereby demands a jury trial.

    I declare under the penalty of perjury the foregoing is true and correct.

Dated: February 13, 2008

                                                    _____
                                                    DARIN DWAYNE HICKMAN, Pro
                                                    Plaintiff
                                                    Mohawk Correctional Facility
                                                    6100 School Road/POB 8451
                                                    Rome, New York   13442

08 CV 913 (ARR) (LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DARIN DWAYNE HICKMAN,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

## ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS POLICE OFFICER CONTINO AND POLICE OFFICER ORTIZ

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, PAA Gamba, Sergeant Alongi, Detective Parrino, Sergeant Cappa, Detective Mahon, Sergeant Pernicone, Detective Gazzillo, Detective Ciurcina, Detective Joyce, Police Officer Contino and Police Officer Ortiz*
*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Brian Francolla*
*Tel: (212) 788-0988*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..........................................,2008*

*...................................................................... Esq.*

*Attorney for ......................................................*